IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LOUIS BLANK,<br><br>    Plaintiff,<br><br>  vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____/ | No. 2:17-CV-0861-JAM-CMK<br><br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court

1

must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff names the following as defendants: (1) the State of California; (2) the County of Tehama; and (3) the United States Social Security Administration. Plaintiff alleges that this court has jurisdiction "based on a civil rights claim. . . ." For the reasons discussed below, the court finds that plaintiff fails to state a claim upon which relief can be granted.

<u>State of California</u> – The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. <u>See</u> <u>Brooks v. Sulphur Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff cannot maintain a civil rights action against the State of California because it is immune from suit.

<u>County of Tehama</u> – Municipalities and other local government units are among those "persons" to whom liability applies in a civil rights action. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. <u>See id.</u> at 691; see also <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. <u>See</u> <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. <u>See id.</u> To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. <u>See id.</u> In this case, plaintiff

does not allege any improper custom or policy.  Rather, it appears that plaintiff is unhappy with the outcome of his case.  Because plaintiff has not alleged any deficient policy or custom of the County of Tehama, plaintiff fails to state a claim against this defendant.

<u>United States Social Security Administration</u> – Plaintiff fails to state a claim because has not alleged any facts relating to this defendant.  <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 30, 2018

                                                                                  **CRAIG M. KELLISON**
                                                                                  UNITED STATES MAGISTRATE JUDGE